[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 359.]

MILLER ET AL., APPELLANTS, *v.* GUNCKLE; STATE AUTOMOBILE INSURANCE

COMPANY, APPELLEE.

[Cite as *Miller v. Gunckle*, 2002-Ohio-4932.]

*Motor vehicles—Insurance—Uninsured motorist coverage—A dollar amount*
*awarded as prejudgment interest pursuant to R.C. 1343.03(C), when*
*added to the dollar amount awarded as damages for the personal injury,*
*may lawfully exceed the limit of the insured's uninsured motorist policy—*
*An arbitration panel has the authority to award prejudgment interest—An*
*arbitration panel, once it enters an award, has no authority to reconsider*
*its decision.*

(No. 2001-0165—Submitted June 4, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Butler County, No. CA2000-02-026.

————————————

**DOUGLAS, J.**

{¶1} According to the amended complaint in this action, Allen J. Miller, a
minor, was crossing the street in October 1996 to reach his bus stop. As he crossed
the street he was struck by a speeding vehicle driven by Kevin Gunckle, an
uninsured motorist. As a result of the accident, Allen Miller suffered permanent
injuries to his head, legs, back, arms, and other parts of his body.

{¶2} On January 24, 1997, Allen Miller, through his mother and next friend,
Carol Miller, and father, John Miller, appellants, filed an action against Gunckle.
Appellants also named State Automobile Insurance Company, appellee, as a
defendant for purposes of recovering uninsured motorist benefits. At the time of
the accident, appellants had, in force and effect, a policy of insurance through
appellee which included up to $300,000 in uninsured motorist coverage.

**{¶3}** On March 11, 1998, the trial court informed the parties that Gunckle had filed for bankruptcy and that the trial court had, therefore, ordered a stay in the proceedings against Gunckle. However, the trial court ordered the case to proceed against appellee. On April 27, 1998, the United States Bankruptcy Court for the Southern District of Ohio discharged all claims against Gunckle.

**{¶4}** On September 3, 1998, the trial court ordered the case to mediation. The parties failed to reach an agreement through the court-appointed mediator. The parties then agreed to submit the dispute to arbitration pursuant to Loc.R. 4.02 of the Common Pleas Court of Butler County, and an arbitration panel was selected.

**{¶5}** On December 14, 1999, the arbitration panel awarded appellants $275,000 in damages plus ten percent interest on the award from October 14, 1996, the date of the accident. On December 21, 1999, appellee sent a letter to the arbitration panel asking the panel to reconsider the award of prejudgment interest on the basis that the panel was not vested with authority to determine the issue of interest. Appellee contended that only the trial court had authority to determine when and if prejudgment interest accrued. Appellee also asserted that it had no obligation to pay prejudgment interest because there was no "judgment" to which interest could attach. Appellee alternatively argued that interest should be calculated from the date that the trial court enters judgment. On January 4, 2000, the arbitration panel, in response to appellee's letter seeking reconsideration, issued a second award. The panel again awarded appellants $275,000 in damages plus ten percent interest; however, the panel deferred to the trial court the determination as to when the prejudgment interest began to accrue.

**{¶6}** On January 10, 2000, appellants filed a motion with the trial court for an award of prejudgment interest or in the alternative to affirm the first arbitration award. Appellants argued that the panel did not have authority to reconsider the first award and that appellants were entitled to prejudgment interest from the date of the accident, pursuant to *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d

339, 695 N.E.2d 1140. The trial court confirmed the panel's award of $275,000 in damages. However, the court vacated the panel's award of prejudgment interest. The trial court indicated that the panel had exceeded its authority by considering the issue of prejudgment interest since any consideration applying R.C. 1343.03, the prejudgment interest statute, is a determination for the court and not an arbitration panel. In reaching its own decision on the issue of prejudgment interest, the trial court adopted a bright-line rule, as set forth in *Bowman v. Progressive Cas. Ins. Co.* (1999), 136 Ohio App.3d 259, 736 N.E.2d 502, for determining the accrual of prejudgment interest. *Bowman* held that in cases where an insured's damages are more than the insurance policy limit, prejudgment interest accrues from the date of the accident, and, in cases where the insured's damages are less than the policy limit, prejudgment interest should generally not be awarded. Thus, the trial court ruled that appellants, whose damages were less than their policy limit, were not entitled to prejudgment interest. The trial court did award what appears to be postjudgment interest and ruled that such interest should be assessed from the date of the first arbitration award. Appellants appealed the trial court decision to the Court of Appeals for Butler County.

{¶7} The court of appeals affirmed in part and reversed in part the judgment of the trial court, and remanded the cause. The court of appeals initially determined that the trial court erred by recognizing the panel's second award because the panel had no authority to reconsider its initial award. However, the court of appeals further found that although appellee, by sending a letter to the panel asking for reconsideration, violated Loc.R. 4.02(e)[1] of the Common Pleas Court of Butler

---

1. {¶a} Loc.R. 4.02(e) of the Common Pleas Court of Butler County provides:
   {¶b} "Appeal: Appeals to the court from an award rendered in an arbitration proceeding under this rule shall be on the record of the arbitration hearing and shall be limited to questions of law as set forth in Revised Code Sections 2711.01 through 2711.20, inclusive, and shall be commenced by the filing of written objections to the arbitrator's report."

County and R.C. 2711.13,[2] the trial court did not err in vacating the arbitrators' original award of interest because the arbitration panel was without authority even to consider, let alone award, prejudgment interest. Finally, the court of appeals found that the trial court's reliance upon *Bowman* was misplaced. Instead, the court of appeals, even though the trial court did not award prejudgment interest, established its own bright-line rule regarding the accrual date of prejudgment interest in cases involving an insured's uninsured motorist claim against the insurer. The court of appeals determined that interest should accrue from the date of injury, which, in a cause of action based on uninsured motorist coverage, is the date when the insured makes an uninsured motorist claim to the insurer. Accordingly, the court of appeals, in reversing the judgment of the trial court, found that prejudgment interest accrued on the date when appellants first presented their uninsured motorist coverage claim to appellee. In addition, the court of appeals held that the total amount of damages awarded plus prejudgment interest may not exceed an insured's policy limit. Appellants appealed the judgment of the court of appeals.

{¶8} This case is now before this court upon our allowance of a discretionary appeal.

{¶9} We are presented with three issues for our determination. The first issue is whether an arbitration panel, and more specifically this arbitration panel, has the authority to award prejudgment interest. We find that such authority exists.

---

{¶c} We question this finding of the court of appeals. The local rule seems to apply only to "appeals to the court." At the time of the writing of the letter, no appeal was pending. This issue needs no further discussion because the issue is not dispositive.

2. {¶a} R.C. 2711.13 provides:
{¶b} "After an award in an arbitration proceeding is made, any party to the arbitration may *file a motion in the court of common pleas* for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)
{¶c} As in the case of the local rule as discussed in footnote 1, supra, the appellees did not violate the statute by writing the letter in question. They simply did not follow the required appeal procedure (R.C. 2711.13) to invoke the jurisdiction of the common pleas court as to the panel's first award.

The second issue is whether the arbitration panel had authority to reconsider its first award and issue a second award. We find that it did not. The third issue is whether a dollar amount awarded as prejudgment interest pursuant to R.C. 1343.03(C), when added to the dollar amount awarded as damages for the personal injury, may lawfully exceed the limit of the insured's uninsured motorist policy. We answer this query in the affirmative. Accordingly, we reverse the judgment of the court of appeals.

{¶10} "For a dispute resolution procedure to be classified as 'arbitration,' the decision rendered must be final, binding and without any qualification or condition as to the finality of an award." *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242. An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11. Id. "The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456.

{¶11} R.C. 2711.13 provides:

{¶12} "After an award in an arbitration proceeding is made, any party to the arbitration may *file a motion in the court of common pleas* for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)

{¶13} R.C. 2711.10 provides:

{¶14} "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

{¶15} "* * *

{¶16} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

**{¶17}** The first issue we consider is whether the arbitration panel had authority to award prejudgment interest. The trial court ruled that the panel exceeded its authority by considering prejudgment interest. We disagree.

**{¶18}** There is nothing in the record to indicate that the arbitration panel's authority was limited in any manner by agreement of the parties or by order of the trial court. This court has held that the arbitrator is the final judge of both law and fact. *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1975), 42 Ohio St.2d 516, 522, 71 O.O.2d 509, 330 N.E.2d 703. In addition, Loc.R. 4.1(c) of the Common Pleas Court of Butler County provides, "The Board of Arbitration shall have the general powers of the court." Thus, those powers generally accorded to the court were delegated to the arbitration panel in the case at bar. "Court" is defined as "[a]n organ of the government, belonging to the judicial department, *whose function is the application of the laws to controversies brought before it* and the public administration of justice." (Emphasis added.) Black's Law Dictionary (6 Ed.1990) 352. Accordingly, the panel was vested with authority to apply the law governing interest on the award, pursuant to R.C. 1343.03, to the controversy before the panel.

**{¶19}** Moreover, "[t]he right to interest, the date from which interest should accrue, and the rate of interest involve questions of law and fact properly left to the discretion of the arbitrators." 3 Macneil, Speidel & Stipanowich, Federal Arbitration Law: Agreements, Awards, and Remedies under the Federal Arbitration Act (1999), Section 36.7.1.1. In the absence of language restricting the authority of an arbitrator to review a particular subject matter or to award a particular remedy, courts will generally hold that an arbitrator has the authority to make the award and to fashion a remedy even though the agreement is silent on the issue of remedial authority. *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403, 588 N.E.2d 802.

6

{¶20} As indicated above, the panel's authority in the case before us was not limited by agreement of the parties or by order of the court. Instead, pursuant to Loc.R. 4.1(c), the panel was granted the general powers of the court. Thus, for the foregoing reasons, we hold that the panel, in its first award, did not exceed its authority, within the meaning of R.C. 2711.10(D), by awarding prejudgment interest and determining the date from which interest accrued. In addition, and maybe most important, it is clear that appellee's December 21, 1999 letter to the arbitration panel did not accord with the procedure set forth in R.C. 2711.13 to invoke the appellate jurisdiction of the trial court.

{¶21} Accordingly, we hold that, applying R.C. 2711.10(D) to the case at bar, the trial court lacked jurisdiction to vacate any part of the arbitration panel's award.

{¶22} The second issue we consider is whether the panel had authority to reconsider the first award. It is clear that it did not.

{¶23} R.C. Chapter 2711 does not confer authority on an arbitration panel to reconsider its awards. Instead, R.C. Chapter 2711 confers jurisdiction only on the *trial court,* pursuant to R.C. 2711.10 and 2711.11, to vacate, modify or correct arbitration awards. Furthermore, "[w]hen the submitted issues are decided, the arbitrators' powers expire. Thus, a second award on a single, circumscribed submission is a nullity." *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 102, 2 OBR 112, 440 N.E.2d 1210, citing *Bayne v. Morris* (1863), 68 U.S. (1 Wall.) 97, 99, 17 L.Ed. 495. *Lockhart* also relied on *Citizens Bldg. of W. Palm Beach, Inc. v. W. Union Tel. Co.* (C.A.5, 1941), 120 F.2d 982, 984, which held, "[A]rbitrators are appointees with but a single duty and * * * performance of that duty terminates their authority. When an arbitral board renders a final award, its powers and duties under the submission are terminated. Its authority is not a continuing one, and, after its final decision is announced, it is powerless to modify or revoke it or to make a new award upon the same issues." We find this analysis to be well crafted.

Accordingly, the arbitration panel, once it entered the award, had no authority to reconsider its decision.

**{¶24}** The third issue is whether an award of prejudgment interest, pursuant to R.C. 1343.03(C), may exceed appellants' uninsured motorist policy limit.

**{¶25}** R.C. 1343.03(C) provides:

**{¶26}** "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid * * *."

**{¶27}** Appellee argues that an insurer should have no liability for prejudgment interest which, when combined with the damage award, would exceed the insured's policy limit.[3] While this is an issue of first impression, appellee's argument is unsupported by this court's decisions regarding the policy supporting awards of prejudgment interest.

**{¶28}** Ohio courts have long recognized the common-law right to prejudgment interest. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 656-657, 635 N.E.2d 331 (citing cases dating to 1832). It is well established that the underpinning of prejudgment interest awards is to encourage prompt settlement of claims, prevent prolonged litigation, and to compensate and make the injured party whole. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 116-117, 652 N.E.2d 687. Moreover, we have held that " 'interest is allowed, not only on account of the loss which a creditor may be supposed to have sustained by being deprived of the use of his money, but on account of the gain made from its use by the debtor.' " *Moskovitz,* 69 Ohio St.3d at 656, 635 N.E.2d 331, quoting *Hogg v. Zanesville Canal & Mfg. Co.* (1832), 5 Ohio 410, 424, 1832 WL 26.

---

3. We note that the court of appeals raised and decided this issue sua sponte.

**{¶29}** If we were to adopt appellee's position it would frustrate the policy of encouraging settlement, since there would be little incentive for an insurer to settle a meritorious claim. The insurer in such a situation, knowing that its loss is confined to the insured's policy limit, has less incentive to prevent protracted litigation in which the insured is deprived of the use of the money. Once a lengthy litigation process is complete, the insured is not compensated for the lapse of time between the accrual of the claim and judgment. The insurer would clearly have the benefit of retaining control over, and earning interest on, money due and payable to their insured. We find that such a result would clearly contradict the well-established statutory and common-law basis for prejudgment interest.

**{¶30}** By way of example, in the case now before us the panel awarded $275,000 as damages for the loss. The panel then allowed prejudgment interest at a rate of ten percent from the date of the accident. Assuming that the amount of the prejudgment interest award, when added to the $275,000 awarded for the underlying injury claim, results in a total award of $310,000, the insurer is then liable for the full award even though the award exceeds the policy limit of $300,000. If, however, the damage award for the underlying injury had been $350,000 and the panel had allowed prejudgment interest, the prejudgment interest could be assessed only against the policy limit of $300,000 and the insurer would then be responsible for the full policy limit —$300,000—plus the prejudgment interest on that amount.

**{¶31}** Accordingly, we hold that an insurer is liable for an entire award up to the insured's policy limit plus any prejudgment interest awarded on that policy limit.

**{¶32}** For the foregoing reasons, we reverse the judgment of the court of appeals and remand this matter to the trial court to reinstate and confirm the arbitration panel's December 2, 1999 award in all respects.[4]

Judgment reversed

and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶33}** I respectfully dissent. I agree with the analysis of the court of appeals below that the arbitrators lacked authority to award prejudgment interest. Arbitrators are assigned the task of deciding issues of liability and damages, whereas the issue of entitlement to prejudgment interest is a matter for the court to decide. In addition, I believe that the court of appeals correctly held that the total amount of damages and prejudgment interest is limited to the applicable policy limits.

**{¶34}** This court first recognized that prejudgment interest was recoverable on a claim for underinsured motorist ("UIM") coverage in *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140. The *Landis* court reasoned that a UIM claim was a contract claim "for the payment of money" that was "due and payable" based on an "instrument of writing." Therefore, the court concluded that prejudgment interest was allowed pursuant to R.C. 1343.03(A). Id. at 341-342,

---

4. Appellants also challenged the court of appeals' establishment of a bright-line rule regarding the accrual date of prejudgment interest. Given that we reverse the judgment of the court of appeals for other reasons, we do not reach this issue. However, we note that in *Landis,* 82 Ohio St.3d at 342, 695 N.E.2d 1140, we specifically and clearly declined to establish a bright-line rule regarding the accrual date of prejudgment interest but rather left such a determination to the trial courts on a case-by-case basis.

695 N.E.2d 1140. However, the *Landis* court specifically held that the issue of prejudgment interest was a question for the *trial court* to determine. Id. at 342, 695 N.E.2d 1140. This court has held in other types of cases that prejudgment interest under R.C. 1343.03(C) likewise is a matter for the court to decide. See *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331. Once a court decides to award prejudgment interest, the court then calculates the amount of the interest pursuant to R.C. 1343.03(A). Id. at 665, 635 N.E.2d 331. Consequently, I believe that case law supports the conclusion that it is best left to a court to decide if and when prejudgment interest should be awarded whether the award is pursuant to (A) or (C) of R.C. 1343.03.

{¶35} Arbitrators generally determine types of damages that are proven with more specificity, such as medical damages or loss of income. However, a court, not a panel of arbitrators, is best suited to decide upon an award of prejudgment interest under R.C. 1343.03(A). I am not convinced that the Federal Arbitration Act or case law based on collective bargaining agreements, upon which the majority's opinion relies, necessarily dictates what arbitrators must do under Ohio contract law in an Ohio court. Therefore, I would find that the arbitration award should be vacated to the extent that it includes prejudgment interest, because the arbitrators exceeded their authority.

{¶36} I also dissent from the majority's conclusion that an insurer is liable for an entire award of prejudgment interest combined with a damage award that exceeds the insured's policy limits for UIM coverage. The majority contends that prejudgment interest is necessary to make the aggrieved party whole. That position, however, is inconsistent with the intent and purpose of UIM coverage. Underinsured motorist benefits are based on contract, not tort. And this court has repeatedly articulated that the purpose of underinsured and uninsured motorist coverage is to place an injured party in the same position that he or she would have been if the tortfeasor had been insured. *Clark v. Scarpelli* (2001), 91 Ohio St.3d

11

271, 275-276, 744 N.E.2d 719; *Bartlett v. Nationwide Mut. Ins. Co.* (1973), 33 Ohio St.2d 50, 52, 62 O.O.2d 406, 294 N.E.2d 665.

{¶37} The amount of under- or uninsured motorist coverage that the insured contracted for is a finite amount set forth in the policy. Although this may be inadequate to make the aggrieved party whole, it is nevertheless all that is available by contract to put the injured party in the same position that he or she would be if the tortfeasor had been insured. With no limitation upon the amount of prejudgment interest and damages, the majority now places the insured in a *better* position than he or she would have been had the tortfeasor been insured. To allow contract recovery in an amount that exceeds the contract amount is contrary to well-established law.

{¶38} Finally, an implicit result of the majority's opinion is the tacit approval of an award of prejudgment interest accruing on a UIM claim from the date of the accident. The *Landis* court recognized prejudgment interest on a UIM claim under R.C. 1343.03(A) because the benefits were due and payable upon an instrument of writing. I agree with the court of appeals that the accrual date for prejudgment interest on a UIM claim can be no earlier than the date the insured made a claim under the policy after having exhausted the tortfeasor's liability coverage. It is illogical to award interest beginning on the date of the accident when no UIM claim then existed.

{¶39} As the court of appeals reasoned, an accrual date based on the date the insured made a UIM claim, or a later event, comports with *Landis*. This takes into account the time value of the money being held by the insurer between the time the claim is made and its eventual payment. (There can be no money owed on the date of the accident until it is known that the tortfeasor's policy is exhausted.) And contrary to the majority's statement that an insurer would have little incentive to settle a meritorious claim, this would encourage the parties to settle the claim.

{¶40} Therefore, for the foregoing reasons, I respectfully dissent.

_____

Pratt, Singer & Thomas Co., L.P.A., Gregory K. Pratt and Martina M. Dillon, for appellants.

Jack C. McGowan & Associates and Jack C. McGowan, for appellee.

_____