OPINION
{¶ 1} The plaintiffs/appellants, Melvin B. Smith and Ruby K. Smith, appeal a determination of prejudgment interest from the Logan County Common Pleas Court. Mr. Smith was injured in an automobile accident on January 31, 1995. The collision occurred at 6:30 a.m. while Mr. Smith's vehicle was stopped in rush-hour traffic on eastbound U.S. 33 in Logan County. Charles Grubbs, an underinsured motorist, was also traveling eastbound on U.S. 33 when he struck Mr. Smith's van at a speed of approximately fifty-five miles per hour. The force of the impact broke Mr. Smith's seat and sent his vehicle into the ditch on the opposite side of the road, totaling his van and causing bodily injury to the appellant.
 {¶ 2} The appellants settled with Mr. Grubbs for $50,000 on March 23, 1998. At the time of the accident, the appellants possessed uninsured/underinsured motorist coverage through the defendant/appellee, Motorists Mutual Insurance Company. On May 7, 1998, the defendant consented to settlement between the appellants and the tortfeasor. On July 1, 2000, the plaintiffs requested settlement arbitration with the appellee, pursuant to the terms of their policy. The appellee notified the appellants of its refusal to arbitrate on August 2, 2000. Thus, the parties were ordered to arbitration by the trial court on May 17, 2001. Arbitration was held on September 15, 2002 and the case was resolved in the appellants' favor. Although the appellants accepted the arbitration panel's award, Motorists Mutual appealed and a jury trial was held on April 16, 2002. The jury found for the appellants and assessed damages in the amount of $452,977. The trial court then ordered the appellee to pay the appellants $50,000, which was calculated as the $100,000 policy limit minus a set-off of the $50,000 settlement with the tortfeasor, pursuant to the terms of the insurance contract. Thereafter, the appellants filed a motion for prejudgment interest. A hearing was held on the matter and the trial court awarded interest on the $50,000 award amount, to commence on May 7, 1998, the date on which the appellee consented to the settlement with the tortfeasor. The appellants now bring this timely appeal, prosecuting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred in determining that prejudgment interest on a claim for underinsured benefits under a contract of auto insurance, governed by R.C. 1343.03(A) commences when the auto insurer consents to settlement with the tortfeasor and is payable only on the amount of its contractual exposure."
 {¶ 4} We note at the outset that the appellants conceded in their reply brief that the recent Ohio State Supreme Court opinion, Miller v.Gunkle,[1] resolves the second issue in their assignment of error, pertaining to the amount upon which prejudgment interest should be paid, in favor of the appellee. In Miller, the court held that "an issuer is liable for an entire award up to the insured's policy limit plus any prejudgment interest awarded on that policy limit."[2] The Miller case was decided under R.C. 1343.03(C) and pertained to an uninsured motorist, while the instant case is governed by R.C. 1343.03(A) and involves an underinsured motorist. However, in light of the appellants' concession, we decline to address the applicability of Miller sua sponte, although we acknowledge the differences between that case and the case at bar. Accordingly, we will not disturb the trial court's finding that the appellee should pay interest on the part of the award for which it is contractually responsible: the $100,000 policy limit minus the $50,000 set off for the settlement with the tortfeasor.
 {¶ 5} The appellants also contend in their sole assignment of error that the trial court erred by selecting an inappropriate date from which to commence the running of prejudgment interest. Based on the following, we disagree with this argument.
 {¶ 6} Due to the contractual relationship between an insurer and its insured, prejudgment interest claims under UMI coverage are contract-based claims governed by R.C. 1343.03(A).[3] This is true because, notwithstanding the fact that there would be no UMI claim without underlying tortious conduct, the legal basis for recovery of the UMI coverage is based on the contract.[4]
{¶ 7} R.C. 1343.03(A) states, in relevant part, "* * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at a rate of ten percent per annum * * *."
 {¶ 8} Thus, R.C. 1343.03(A), which applies to contract claims, specifically provides for a creditor to recover interest on a settled claim as a matter of law. Interest is available from the date when the money becomes "due and payable," as determined by the trial court.[5]
The purpose of the prejudgment interest award in the context of a claim sounding in contract is to compensate the aggrieved party and to make them whole.[6]
 {¶ 9} Turning to the facts of this case, the appellants are entitled to receive prejudgment interest for the lapse of time between accrual of their claim and the time of the jury verdict in order to be fully compensated. "[W]hile the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of the accrual date and interest rate."[7]
In other words, the date from which prejudgment interest should be calculated is a discretionary determination for the trial court.[8] We may not reverse the trial court's determination unless we determine that it was unreasonable, arbitrary, or unconscionable.[9]
 {¶ 10} The trial court found that the money owed under the contract became due and payable when the appellee consented to the settlement between the appellants and the tortfeasor, which the trial court found to be a condition precedent to the settlement of the UMI claim. The appellants claim that this determination was in error and that prejudgment interest should have begun to run on the date of the accident or, at the latest, on the date when the appellee concedes it was put on notice of the loss.[10] They base this argument on the language of their policy with Mr. Smith, which states, in pertinent part: "We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by the accident." The trial court interpreted this provision to mean that the appellants were legally entitled to recover from the time when the damages were established through the settlement with the torfeasor. In Landis v. Grange Mutual Insurance Company, the Ohio State Supreme Court stated: "Whether prejudgment interest * * * should run from the date of the accident, from the date at which arbitration of damages would have ended if [the insurer] had not denied benefits, or from some other time based on when [the insurer] should have paid [the insured] is for the trial court to determine."[11] Thus, it was not an abuse of discretion for the trial court to determine that the "due and payable" date was the date on which the appellee accepted the settlement between the tortfeasor and the appellants, thus acknowledging that its insured was legally entitled to recover on the accident.
 {¶ 11} Because the trial court did not abuse its discretion, we hereby deny the appellant's sole assignment of error.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT and WALTERS, JJ., concur.
[1] 96 Ohio St.3d 359, 2002-Ohio-4932.
[2] Id. at 366.
[3] Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 341, superseded by statute on other grounds.
[4] Id.
[5] Id. at 342.
[6] Id.
[7] Dwyer Elec., Inc. v. Confederated Builders, Inc. (Oct. 29, 1998), Crawford App. No. 3-98-18.
[8] Landis, 82 Ohio St.3d at 342.
[9] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[10] The appellee stipulated that it was put on notice of the appellants' loss on March 2, 1995. It also stipulated that the appellants complied with the terms and conditions precedent to coverage under their policy.
[11] Landis, supra at 342.