OPINION
{¶ 1} Plaintiff-appellant, Roger Purvis, appeals a decision of the Warren County Court of Common Pleas awarding prejudgment interest against defendant-appellee, State Farm. In a cross-appeal, State Farm also appeals the trial court's decision.
 {¶ 2} On February 26, 1997, Purvis was injured in an automobile accident as a result of the negligence of an uninsured motorist. At the time of the accident, Purvis was driving a vehicle owned by his employer and insured by Personal Service Insurance Company (PSI). The PSI policy provided $1,000,000 in uninsured motorist coverage. Purvis also had insurance under a personal insurance policy and an umbrella policy with State Farm.
 {¶ 3} Purvis filed a complaint against State Farm and the tortfeasor on April 14, 1998. The complaint was amended on January 1999 to add PSI as a defendant. Purvis' claims against State Farm were related only to the automobile policy. The trial court granted summary judgment in favor of State Farm after determining that the PSI policy was primary and that no uninsured motorist coverage was available under the State Farm policy. The trial court found that PSI was primarily liable for its uninsured motorist coverage limits of $1,000,000.
 {¶ 4} After a trial, a jury returned a verdict against PSI and the tortfeasor in the amount of $1,055,000. Purvis filed a declaratory judgment action against PSI and State Farm on October 4, 2000. Purvis argued, inter alia, that PSI provided a commercial liability policy that provided additional coverage and that the State Farm umbrella policy provided additional coverage. The trial court found PSI was not liable for additional coverage under the commercial liability policy. Purvis then sought summary judgment against State Farm pursuant to the allegation that the umbrella policy provided uninsured motorist coverage. The trial court found State Farm liable for excess uninsured motorist coverage and granted summary judgment. Shortly after the trial court's decision, State Farm issued a check to Purvis for $55,000.
 {¶ 5} At the time State Farm issued the check to Purvis, PSI had not tendered payment to Purvis and was still disputing its liability. Purvis filed a motion for prejudgment interest against PSI. Purvis and PSI eventually filed an Entry of Satisfaction on March 8, 2002. This entry stated that PSI had paid $1,000,000 to Purvis and that the prejudgment interest issue had been settled.
 {¶ 6} Purvis filed a motion for prejudgment interest against State Farm on March 20, 2002. He requested prejudgment interest from State Farm on the entire $1,055,000 award, calculated from the date of the accident, or on the date a claim was first made to State Farm. He also requested prejudgment interest based on a claim of bad faith. The trial court issued a decision finding Purvis was entitled to prejudgment interest only on the $55,000 State Farm was liable to pay under its policy. The trial court ordered the interest awarded from the date Purvis filed the declaratory judgment action against State Farm.
 {¶ 7} Purvis now appeals the trial court's decision. He argues that the prejudgment interest should have been awarded on the entire $1,055,000, and that it should have been awarded as of the date he first made a claim against State Farm. Purvis also argues that the trial court erred in finding his claim for prejudgment interest for bad faith was without merit. In a cross-appeal, State Farm argues that the trial court erred by granting Purvis' motion for prejudgment interest.
 {¶ 8} As mentioned above, the parties challenge issues regarding whether an award of prejudgment interest was proper and, if so, the proper starting date and amount for calculation of the interest. In Landisv. Grange Mutual Insurance Company, 82 Ohio St.3d 339, 1998-Ohio-387, the Ohio Supreme Court examined the issue of prejudgment interest in the context of uninsured/ underinsured insurance (UMI) claims. The court determined that UMI claims are contract claims, based on the insurance contract between the parties. Id. at 341.
 {¶ 9} Because UMI claims arise out of a contract between the parties, prejudgment interest is available under R.C. 1343.03(A). This provision states that prejudgment interest may be awarded "when money becomes due and payable upon any * * * instrument of writing * * * and upon all judgments * * * for the payment of money arising out of tortious conduct or a contract or other transaction * * *." R.C. 1343.03(A). In a claim under this provision, UMI benefits are due and payable based on the insurance contract and thus, a good faith effort to settle is not a predicate to an award of prejudgment interest. Landis at 341.
 {¶ 10} State Farm argues that the award of prejudgment interest was improper because, as the excess insurer, benefits were not "due and payable" until the primary insurer's coverage was exhausted. State Farm contends that because it paid Purvis before the primary insurer made its payment, it should not be liable for prejudgment interest.
 {¶ 11} In Landis, the Ohio Supreme Court expounded on the wide discretion granted to a trial court in determining the "due and payable" date when awarding prejudgment interest under R.C. 1343.03(A). The court stated that "[w]hether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if [the insurer] had not denied benefits, or some other time based on when [the insurer] should have paid [the insured] is for the trial court to determine." Id. at 342.
 {¶ 12} In Ohio's lower courts, there are differing points of view on the issue of when prejudgment interest begins to run on UMI claims. See Horstman v. Cincinnati Insurance Co. (Nov. 17, 2000), Montgomery App. No. 18430. However, in Landis, the Ohio Supreme Court specifically left this determination to the discretion of the trial court to examine on a case by case basis. Id.; see, also, Miller v. Gunckle,96 Ohio St.3d 359, 366, 2002-Ohio-4932, fn. 4 (court noted that it specifically and clearly declined to establish a bright-line rule inLandis, and instead left the determination to trial courts).
 {¶ 13} We now turn to the facts of this case to determine whether the trial court was within its discretion in ordering that prejudgment interest should run from the date of Purvis' amended complaint. State Farm argues that the calculation date should have been after the liability coverage was exhausted. Purvis argues that the date should have been when it first informed State Farm that it had a claim against it.
 {¶ 14} After examining the date chosen by the trial court in the context of the facts of this case, we cannot find that the trial court abused its discretion. On that date, Purvis informed State Farm, by means of the complaint, that it would be pursuing additional coverage under the State Farm umbrella policy. Although Purvis notified State Farm of a claim against it several years earlier, Purvis initially alleged that State Farm was liable under the automobile policy, not the umbrella policy. When the complaint for declaratory judgment was filed, State Farm was aware that the primary coverage did not cover the entire jury award and that $55,000 was uncovered.
 {¶ 15} We recognize that there are other considerations in this case that support State Farm's argument that the amounts were not due and payable until the primary insurer's limits were exhausted. However, pursuant to Landis, these considerations are a matter left to the trial court's discretion, and the trial court in this case did not exceed its discretion in its determination of the starting date for prejudgment interest. Because we find the trial court's decision to award prejudgment interest from the date of the amended complaint was not an abuse of discretion, the parties' assignments of error relative to these issues are overruled.
 {¶ 16} Purvis also argues that the trial court erred by not awarding prejudgment interest on the entire judgment award of $1,055,000.[1] He argues that the purpose of prejudgment interest is to insure that the injured party is fully compensated and that an umbrella policy is meant to fill in the gaps of insurance coverage.
 {¶ 17} However, we find no support for appellant's argument that State Farm should be responsible for prejudgment interest on the entire $1,055,000 award. Prejudgment interest under R.C. 1343.03(A) is based on the premise that a party to a contract should not retain the use of money owed under a contract when that amount is due and payable to the other contracting party. See Miller v. Gunckle, 96 Ohio St.3d 359,2002-Ohio-4932, at ¶ 28. Given that the basis for the claim is in contract, and that State Farm was only obligated to pay $55,000 under the insurance contract, the trial court properly determined that prejudgment interest is due only on this amount. Purvis' assignment of error relative to this issue is overruled.
 {¶ 18} Finally, Purvis argues that the trial court erred in finding that his claim for prejudgment interest based on a lack of good faith effort to settle was "without merit." Pursuant to R.C. 1343.03(C), a trial court may award prejudgment interest if it finds that "the party required to pay the money failed to make a good faith effort to settle the case * * *." Purvis argues that he made a good faith effort to settle the case for an amount significantly less than the verdict, that PSI rejected his offer and that the tortfeasor made no attempt to settle.
 {¶ 19} Purvis' arguments regarding settlement relate to PSI and the tortfeasor, not State Farm. Purvis argues that as the excess/umbrella insurance carrier, State Farm is responsible for prejudgment interest based on any lack of effort on the part of the uninsured tortfeasor to settle. We find no support for Purvis' argument and find it contrary to the purposes behind granting prejudgment interest under this section. Purvis' assignment of error relative to this issue is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] Purvis settled his claim with PSI, including the issue of prejudgment interest, based on this court's decision in Miller v. Gunckle
(Dec. 11, 2000), Butler App. No. CA2000-02-026, in which we found that prejudgment interest was limited to the insurance policy limits. After Purvis' settlement, this decision was reversed by the Ohio Supreme Court in Miller v. Gunckle, 96 Ohio St.3d 359, 2002-Ohio-493, where the court found that an insurance company is liable for prejudgment interest which exceeds the limits of the insurance policy.