THE STATE EX REL. KRALIK, APPELLANT, *v.* ZWELLING, JUDGE, APPELLEE.

[Cite as *State ex rel. Kralik v. Zwelling,*
101 Ohio St.3d 134, 2004-Ohio-301.]

(No. 2003–1545—Submitted December 1, 2003—Decided February 11, 2004.)

**Per Curiam.**

{¶ 1} On May 28, 2002, Zanesville Heart Specialists, Inc. ("Zanesville Heart"), and its two shareholders, Peter E. Jensen, M.D., and appellant, Michael R. Kralik, M.D., agreed to provide cardiothoracic services for Genesis HealthCare System ("Genesis") in Zanesville, Ohio. In November 2002, Genesis notified Zanesville Heart that it was terminating the agreement because Zanesville Heart had failed to remove Kralik from its service.

{¶ 2} Kralik then filed suit in the Muskingum County Court of Common Pleas seeking, inter alia, an injunction restraining Genesis from wrongfully terminating the agreement and damages for breach of contract. Pursuant to the parties' agreement, Kralik's claims were referred to arbitration.

{¶ 3} On June 20, 2003, arbitrators awarded Kralik $249,600 from Genesis for its premature termination of the agreement.

{¶ 4} On June 24, 2003, Kralik applied for the common pleas court to reduce the arbitration award to judgment. Genesis opposed the application and request-

ed that the court "hold the arbitration award in abeyance pending resolution of a motion for reconsideration [Genesis] plans to file with the Arbitration Panel assigned to this matter." Genesis claimed that "it would be premature to reduce the award to judgment until the motion for reconsideration is fully adjudicated." In response, Kralik cited precedent holding that an arbitration panel lacked authority to reconsider an award. On June 27, 2003, appellee, Judge Howard S. Zwelling of the common pleas court, stayed consideration of Kralik's application "until a decision has been rendered by the Arbitration Panel with respect to the Motion for Reconsideration filed by [Genesis]."

{¶ 5} In July 2003, Kralik filed a complaint in the Court of Appeals for Muskingum County. Kralik requested a writ of mandamus commanding Judge Zwelling to confirm the arbitration award and enter judgment on it or to show cause why he had not done so. Kralik also requested a writ of procedendo ordering Judge Zwelling to proceed with the hearing and determination of his application to reduce the arbitration award to judgment. In August 2003, the court of appeals sua sponte dismissed Kralik's complaint because he had "an adequate remedy at law by way of appeal."

{¶ 6} This cause is now before the court for its consideration of Kralik's appeal of right.

{¶ 7} In his appeal of right, Kralik asserts that the court of appeals erred in dismissing his actions for writs of procedendo and mandamus. For the reasons that follow, we hold that Kralik's claims may have merit and reverse the judgment of the court of appeals.

{¶ 8} " 'Sua sponte dismissal without notice is appropriate only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " State ex rel. Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11, quoting McAuley v. Smith (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572.

{¶ 9} "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. Thus, a writ of procedendo will issue requiring a judge to proceed to final judgment if the judge erroneously stayed the proceeding because of a pending case that does not affect the court's jurisdiction to proceed. State ex rel. Crandall, Pheils & Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742.

{¶ 10} Judge Zwelling erroneously stayed Kralik's proceeding to reduce the arbitration award to judgment based on the reconsideration motion submitted by Genesis to the arbitration panel. "R.C. Chapter 2711 does not confer authority on an arbitration panel to reconsider its awards." Miller v. Gunckle, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 23. Therefore, " '[w]hen the submit-

ted issues are decided, the arbitrators' powers expire. Thus, a second award on a single, circumscribed submission is a nullity.'" Id., 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, at ¶ 23, quoting *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 102, 2 OBR 112, 440 N.E.2d 1210. In other words, "[o]nce an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 22. The reconsideration motion by Genesis did not affect Judge Zwelling's jurisdiction to proceed with Kralik's action to confirm and enter judgment on the arbitration award.

{¶ 11} Moreover, Kralik does not have an adequate legal remedy for Judge Zwelling's stay. A preeminent objective of arbitration is to provide the parties with a "relatively speedy and inexpensive method of conflict resolution." *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83, 22 OBR 95, 488 N.E.2d 872. That objective is not advanced when a judge stays an arbitration confirmation proceeding for invalid reasons that could result in a second arbitration proceeding. Cf. *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 533, 705 N.E.2d 1227, where we held that a writ of procedendo would issue to compel a municipal court judge to proceed with a forcible entry and detainer action he had erroneously stayed because "[n]o alternate remedy will further the purpose behind forcible entry and detainer, which is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate."

{¶ 12} Based on the foregoing, the court of appeals erred in sua sponte dismissing Kralik's complaint. Kralik's claims are neither frivolous nor obviously without merit. Therefore, we reverse the judgment of the court of appeals and remand the cause for further proceedings. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288.

> Judgment reversed
> and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Black, McCuskey, Souers & Arbaugh and Thomas W. Connors, for appellant.

Howard S. Zwelling, pro se.