{¶ 111} I agree with much of the majority's decision, but I must respectfully dissent from its resolution of the Woods' cross-appeal in Case Number 05 MA 70. In their cross-assignment of error, the Woods claim that the trial court could not grant Handel's motion for prejudgment interest since it did not ask the arbitration panel to award this relief. The majority concludes that parties to arbitration can submit the issue of prejudgment interest to either the arbitration panel or to a court of common pleas as long as the arbitration agreement does not clearly prevent an arbitration panel from deciding that issue. This ignores the principle that a party is prohibited from raising issues in the trial court that could have been raised to the arbitrator. Since the Ohio Supreme Court has stated that arbitrators may generally determine the issue of prejudgment interest, a party who seeks this award must request it from the arbitrator, unless local rules or an arbitration agreement provide differently. Accordingly, I conclude the Woods' cross-assignment of error is meritorious.
 {¶ 112} As the majority recognizes, the Ohio Supreme Court has specifically found that arbitrators have the authority to award prejudgment interest in Miller v. Gunkle,96 Ohio St.3d 359, 2002-Ohio-4932. See Opinion at ¶ 73-81. R.C. 1343.03(A) allows a party to receive prejudgment interest "upon all judgments, decrees, and orders of any judicial tribunal." InMiller, the Ohio Supreme Court was asked whether this statute prevented an arbitration panel from awarding prejudgment interest. The court reasoned that since the local county's rules gave the arbitrator "the general powers of the court," then the arbitration panel could "apply the law governing interest on the award, pursuant to R.C. 1343.03" notwithstanding the statues reference to "judgments, decrees, and orders." Id. at ¶ 18.
 {¶ 113} The majority then concludes that a party can request prejudgment interest from either the arbitrator or the trial court since R.C. 1343.03(A) refers to "judgments, decrees, and orders of any judicial tribunal." Since Miller gives arbitrators the authority to award prejudgment interest and R.C.1343.03(A) gives trial courts the authority to award that interest after a judgment, the majority concludes that the authority of each of these tribunals is co-extensive. This conclusion improperly equates statutory authority in general with actual authority in a particular case by ignoring a basic legal principle: a party's failure to raise an issue at an early stage in legal proceedings prevents the party from raising that issue when appealing from those proceedings.
 {¶ 114} Ohio's appellate courts have consistently held that a party who fails to raise an issue before the arbitrator which the arbitrator has the authority to decide is prohibited from raising that issue when appealing the arbitrator's decision to the trial court. See Fostoria v. Ohio Patrolmen's Benevolent Assn.,106 Ohio St.3d 194, 2005-Ohio-4558, at ¶ 11-14; Univ. Mednet v. BlueCross Blue Shield of Ohio (1997), 126 Ohio App.3d 219, 232;Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen andHelpers of Am., Local Union 20 v. Toledo (1988),48 Ohio App.3d 11, 14; Margus Co. v. Strongsville (Nov. 17, 1983), 8th Dist. No. 46450. This rule is based on the long standing principle that a party must timely advise a tribunal of an issue or waive that issue. See Hill v. Urbana, 79 Ohio St.3d 130, 140, 1997-Ohio-0400. Since Handel's did not raise the issue of prejudgment interest at the arbitration, they cannot later raise that issue before the trial court.
 {¶ 115} The majority's reliance on the concept of authority to resolve the issue is misplaced. Trial courts traditionally have the authority to decide any issue which can be referred to arbitration. For instance, if two parties to a contract disagree over the interpretation of that contract, trial courts have the statutory authority to resolve that dispute. However, if the contract contains an arbitration clause, then we would not hold that the trial court can arbitrate the dispute because of its statutory authority. Instead, we would ensure that the matter was ordered to arbitration and that the arbitrator's decision regarding the interpretation of the contract was enforced.
 {¶ 116} This case is no different. The trial court has the statutory authority to deal with a motion for prejudgment interest, but the arbitrator must make that decision in this case since the matter has been referred to arbitration. Handel's failure to request that relief before the arbitrator prevents it from raising the issue to the trial court. Accordingly, I conclude the trial court's decision awarding prejudgment interest to Handel's should be reversed.