[Cite as *Becdir Constr. Co. v. Lorain Cty. Bd. of Commrs.*, 2022-Ohio-4762.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| BECDIR CONSTRUCTION COMPANY | C.A. No. 21CA011766 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| LORAIN COUNTY BOARD OF<br>COMMISSIONERS | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO<br>CASE No. 18-CV-195779 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2022

TEODOSIO, Presiding Judge.

**{¶1}** Becdir Construction Company appeals a journal entry of the Lorain County Court of Common Pleas that confirmed the decision and award of an arbitrator but denied Becdir's request to modify the award to add prejudgment and post-judgment interest. For the following reasons, this Court affirms.

I.

**{¶2}** Becdir entered into a contract with the Lorain County Board of Commissioners to construct a bridge. When issues arose during construction, Becdir filed a complaint against the Board, alleging breach of contract. The parties subsequently entered into an arbitration agreement and jointly moved to stay the action in the trial court.

**{¶3}** Following an arbitration hearing, the arbitrator issued a decision that awarded Becdir compensatory damages on four of its claims. Becdir filed a motion to confirm the arbitration award in the trial court and moved to modify the award to include prejudgment and

post-judgment interest, which it alleged the arbitrator had not included in the award. The trial court confirmed the award, but denied Becdir's motion to modify, concluding that it had failed to establish any of the statutory exceptions for modifying an award. Becdir has appealed, assigning as error that the trial court incorrectly failed to award prejudgment and post-judgment interest.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO AWARD PREJUDGMENT AND POST-JUDGMENT INTEREST OWED TO APPELLANT ON ITS ARBITRATION AWARD WHEN THE TRIAL COURT DENIED THE APPELLANT'S MOTION TO MODIFY THE ARBITRATION AWARD TO INCLUDE PREJUDGMENT AND POST-JUDGMENT INTEREST.

{¶4} Becdir argues that the trial court incorrectly refused to award prejudgment and post-judgment interest to it. "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 2. This Court has also recognized that "[w]hether to award or deny prejudgment interest is within the discretion of the trial court, and will not be reversed absent an abuse of that discretion." *Feist v. Plesz*, 9th Dist. Summit No. 21312, 2003-Ohio-2843, ¶ 18.

{¶5} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." R.C. 2711.09. In addition, within three months, "any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award[.]" R.C. 2711.13. The court "shall make an order modifying or correcting the award[,]" if "[t]here was an evident material miscalculation of figures or an evident material mistake in the description

of any person, thing, or property referred to in the award[,]" "[t]he arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted[,]" or "[t]he award is imperfect in matter of form not affecting the merits of the controversy." R.C. 2711.11(A-C).

{¶6} Becdir moved to modify the arbitration award to include prejudgment and post-judgment interest. According to Becdir, to make it whole, it was entitled to receive prejudgment interest from the date that the money owed under the contract became due and payable. Becdir argues that it provided notice of the various dates during the project when the Board breached the parties' contract, meaning the prejudgment interest owed on each claim could be readily calculated. Becdir also requested in its motion for the trial court to award it post-judgment interest until the arbitrator's award is paid in full.

{¶7} Regarding prejudgment interest, Revised Code Section 1343.03(A) provides in relevant part:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 * * *[.]

R.C. 1343.03(A). In this case, however, the parties specifically agreed to resolve their dispute through arbitration with the intent that the process would "result in a final, binding resolution to the matter under dispute." This included the authority to award prejudgment interest under Section 1343.03. *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 19-20.

{¶8} The trial court recognized that, even if parties have agreed to binding arbitration, it may award prejudgment interest. *N. Olmstead v. Internatl. Assn. of Firefighters, Local 1267*, 8th Dist. Cuyahoga Nos. 91300, 91301, 91724, 2009-Ohio-960, ¶ 49, citing *Handel's Ents., Inc. v.*

*Wood*, 7th Dist. Mahoning Nos. 04 MA 238, 05 MA 70, 2005-Ohio-6922, ¶ 84. It declined to exercise its authority in this case, however, because it determined that the arbitrator had twice rejected Becdir's requests for prejudgment interest and because Becdir had not established any of the statutory exceptions for modifying the arbitrator's decision.

{¶9} The record supports the trial court's determination that the arbitrator specifically denied Becdir's request for prejudgment interest. With its response to Becdir's motion to modify the arbitration award, the Board submitted an email exchange that had occurred between Becdir and the arbitrator in which Becdir inquired about "statutory interest." In response, the arbitrator indicated that the amount of interest he awarded "was the amount that [Becdir] proved entitlement to."

{¶10} Becdir asserts that the trial court only had to do a simple interest calculation based on the date of its notices of claim. Upon review of the record, however, the date from which prejudgment interest would accrue for each claim is not as obvious as Becdir contends. Becdir argues that it provided a notice of breach for claim II on February 3, 2016. The arbitrator's decision, however, does not contain a finding supporting Becdir's assertion. For claim III, Becdir argues that it provided notice of breach on March 22, 2016. The arbitrator's decision, however, indicates that Becdir filed a notice of intent to claim on March 23, 2016, if that is even the same notice to which Becdir referred. For claim IV, Becdir alleges that it provided notice of the breach on March 15, 2016. The arbitrator's decision, however, does not contain such a finding and Becdir's claim included a delay that did not occur until April 13, 2016. For claim VII, Becdir alleges that it provided notice of the breach on October 13, 2016, but, again, the arbitrator's decision contains no such finding.

{¶11}  "'[T]he date from which interest should accrue * * * involve[s] questions of law and fact properly left to the discretion of the arbitrators.'"  *Wood* at ¶ 80, quoting *Miller*, 96 Ohio St.3d 359, 2002-Ohio-4932, at ¶ 19.  Upon review of the record, we conclude that, even if an arbitration award that does not include prejudgment interest may be modified under Section 2711.11(C) because it is "imperfect in matter of form not affecting the merits of the controversy[,]" the trial court did not exercise improper discretion when it declined to modify the arbitrator's decision to award prejudgment interest in this case.

{¶12}  Regarding post-judgment interest, Becdir argues that the trial court incorrectly refused to add post-judgment interest to the arbitrator's decision.  It is not clear for what period Becdir was seeking post-judgment interest.  We note that, until an arbitration award has been confirmed by a trial court, "there is no judgment or order."  *McGarry & Sons, Inc. v. Marous Bros. Constr. Inc.*, 11th Dist. Lake No. 2011-L-001, 2011-Ohio-6859, ¶ 30.

{¶13}  In its motion to confirm the arbitrator award, Becdir requested "an award of post-judgment interest at the statutory interest rate on any outstanding amounts that remain unpaid on the arbitration award."  Although "[i]t is preferable * * * for a court in its judgment to note that interest accrues on an unpaid award[,] * * * R.C. 1343.03 requires a losing party to pay interest on an award, even if * * * the court awarding the judgment fails to explain a losing party's duty to pay it."  *Wilson v. Smith*, 85 Ohio App.3d 78, 80 (9th Dist.1993).  Accordingly, the trial court's failure to note Becdir's entitlement to post-judgment interest from the date of its judgment was not reversible error.  Becdir's assignment of error is overruled.

III.

{¶14}  Becdir's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

6

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

MATTHEW M. RIES, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and GREG PELTZ, Assistant Prosecuting Attorney, for Appellee.