IGNAZIO, Appellant,

v.

CLEAR CHANNEL BROADCASTING, INC. et al., Appellees.

[Cite as *Ignazio v. Clear Channel Broadcasting, Inc.*, 165 Ohio App.3d 32, 2005-Ohio-6783.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 261.

Decided Dec. 16, 2005.

Ira Mirkin and Carla Torba, for appellant.

Thomas Williams and Christine Robek, for appellees.

---

VUKOVICH, Judge.

{¶ 1} Plaintiff-appellant, Diane Ignazio, appeals the decision of the Mahoning County Common Pleas Court that granted a stay pending arbitration as sought by defendants-appellees, Clear Channel Broadcasting, Inc. and others. The issue before us is whether the arbitration agreement provides for a final and binding arbitration award and is enforceable, whether a portion of the arbitration agreement is unenforceable, or whether the entire arbitration agreement is unenforceable due to language altering the trial court's standard of review from that set forth in the arbitration statutes. For the following reasons, we hold that the entire agreement is unenforceable. The trial court's stay pending arbitration

is reversed, and this case is remanded with instructions that the arbitration agreement is unenforceable and appellant can proceed with the lawsuit she filed in the trial court.

## STATEMENT OF THE CASE

{¶ 2} On December 23, 2003, appellant filed an age- and sex-discrimination and wrongful-discharge lawsuit against her employers, Clear Channel Broadcasting, Inc., and Clear Channel Worldwide, and her supervisors, William Kelly, Robert Hotchkiss, Cornell Bogden, and Brad Marshall. These defendants filed a motion to stay the case pending arbitration, attaching the arbitration agreement signed by appellant in 1999.

{¶ 3} Appellant responded in part that the agreement was unenforceable because it provided for an arbitration award that was not final and binding. Her argument was centered on paragraph 10B, entitled "Enforcement," which provides as follows:

{¶ 4} "A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury."

{¶ 5} Appellees countered by citing various passages of the arbitration agreement stating that arbitration is final and binding. On November 8, 2004, the trial court found that the agreement clearly states that any dispute submitted for arbitration will be for a "final and binding resolution." The trial court also stated:

{¶ 6} "Although Plaintiff cites language within the arbitration agreement that limits the Court's review of an arbitration award, the Court finds that this does not make the Arbitration agreement unenforceable. The language cited is consistent with the holding in other Ohio cases in that the trial court is precluded from reviewing the merits of the arbitration award except as provided in O.R.C. 2711.10 and O.R.C. 2711.11."

{¶ 7} Thus, the trial court stayed the case pending arbitration as provided in R.C. 2711.02(B). Appellant filed a timely notice of appeal to this court. See R.C. 2711.02(C) (making the granting or denial of a stay pending arbitration a final order).

## ASSIGNMENTS OF ERROR

{¶ 8} Appellant sets forth the following three assignments of error:

{¶ 9} "The trial court erred in concluding that an award issued pursuant to the agreement in this case is final and binding."

{¶ 10} "The trial court erred in concluding that a trial court is precluded from reviewing the merits of an award issued pursuant to the agreement in this case except as provided in O.R.C. 2711.10 and 2711.11."

{¶ 11} "The trial court erred by staying the proceedings pending arbitration."

{¶ 12} These assignments are all based upon the same central premise. Therefore, we shall discuss and analyze them together after setting forth the relevant statutes and case law concerning arbitration agreements.

## LAW

{¶ 13} Pursuant to R.C. 2711.01(A), a written agreement to arbitrate is valid, irrevocable, and enforceable except on grounds existing at law or in equity for revocation of any contract. For instance, an arbitration agreement, like any contract, can be rendered unenforceable if it is found to be unconscionable. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 472, 700 N.E.2d 859.

{¶ 14} Once an arbitration award is made, the parties are bound by the decision, absent certain statutory exceptions. Besides invalidation of the agreement to arbitrate, as noted above, there are limited occasions on which a trial court can be asked to review the arbitrator's decision.

{¶ 15} Pursuant to R.C. 2711.13, a party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in R.C. 2711.10 and 2711.11. The standard of review for a request to vacate an arbitration award is set forth in R.C. 2711.10. Vacation of the award is available only if the court finds:

{¶ 16} "(A) The award was procured by corruption, fraud, or undue means.

{¶ 17} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

{¶ 18} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

{¶ 19} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10.

{¶ 20} The standard of review for a request to modify or correct an arbitration award is set forth in R.C. 2711.11. Modification or correction of the award is possible only if the court finds:

{¶ 21} "(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

{¶ 22} "(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

{¶ 23} "(C) The award is imperfect in matter of form not affecting the merits of the controversy.

{¶ 24} "The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties." R.C. 2711.11.

{¶ 25} As can be seen, the trial court's review of an arbitration award is narrow and limited. The trial court cannot reverse the award merely because it disagrees with findings of fact or with an interpretation of the contract. *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 520, 71 O.O.2d 509, 330 N.E.2d 703. " 'Courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.' " *Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union* (2001), 91 Ohio St.3d 108, 110, 742 N.E.2d 630, quoting *United Paperworkers Internatl. Union v. Misco, Inc.* (1987), 484 U.S. 29, 37–38, 108 S.Ct. 364, 98 L.Ed.2d 286.

{¶ 26} If trial courts acted as appellate courts when reviewing arbitration awards, "arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." *Goodyear*, 42 Ohio St.2d at 520, 71 O.O.2d 509, 330 N.E.2d 703.

{¶ 27} A two-stage process involving arbitration and de novo judicial review destroys the expectation of finality in the arbitration award. See *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 225–226, 749 N.E.2d 299. " 'The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award.' " *Southwest Ohio*, 91 Ohio St.3d at 109–110, 742 N.E.2d 630, quoting *Mahoning Cty. Bd. of MRDD v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83–84, 22 OBR 95, 488 N.E.2d 872. More specifically, the courts' *jurisdiction* to review arbitration awards is restricted by R.C. 2711.01 and 2711.11 as set forth above. *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932,

775 N.E.2d 475, ¶ 10, citing *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456.

{¶ 28} The question that remains is what happens if the arbitration agreement purports to change the standard of review set forth in the statutes. The Ohio Supreme Court was faced with a case in which an insurer and insured proceeded through arbitration to determine the amount of uninsured-motorist benefits due. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242. The arbitration agreement stated that any arbitration award that did not exceed the limits of Ohio's financial-responsibility law was binding on both parties, but if the award exceeded the limits of that law, then either party could demand trial on all issues in court. Id. at 709, 590 N.E.2d 1242.

{¶ 29} The arbitration award in that case came out below the legal limits; thus, the agreement categorized the award as binding. Id. Still, the insured filed a motion to vacate the arbitration award in the trial court claiming that the aforementioned arbitration clause was unconscionable and against public policy. Id. The Supreme Court accepted a certified question as to whether the clause was unconscionable and reviewed that case as well as another case in which the award was more than the legal limit. Id. at 710, 590 N.E.2d 1242.

{¶ 30} There were essentially two plurality positions of the court. One plurality determined that in order for an alternative dispute resolution to be considered actual arbitration, the decision must be "final, binding and without any qualification or condition as to the finality of an award whether or not agreed to by the parties." *Schaefer*, 63 Ohio St.3d at 711, 590 N.E.2d 1242 (Douglas, J., with A. William Sweeney and Resnick, JJ., concurring). That plurality opined that "binding arbitration" is a redundancy and "nonbinding arbitration" is a contradiction in terms. Id. They concluded that an arbitrator's decision may only be questioned through the procedures in R.C. 2711.13 on the grounds set forth in R.C. 2711.10 and 2711.11, even if a qualification as to the award's finality is agreed to by the parties. Id. They reasoned that the process is no longer arbitration if the award is appealable. Id. Since the procedure in the parties' agreement did not make any and all awards final and binding, the procedure was not considered to be actual "arbitration." Id. at 716, 590 N.E.2d 1242.

{¶ 31} "By permitting a trial de novo in some instances, the provision unnecessarily subjects the parties to multiple proceedings in a variety of forums, increases costs, extends the time consumed in ultimately resolving a dispute, and eviscerates any advantage of unburdening crowded court dockets. *Accordingly, since the provision is not a provision providing for true arbitration, the entire agreement to 'arbitrate' clause is unenforceable.*" (Emphasis added.) Id.

{¶ 32} Thus, the arbitration agreement reviewed in *Schaefer* was rendered unenforceable, the arbitration award was invalidated, and the parties were

permitted to try their claims in court. This final result was reached due to the concurrence of another plurality of the Supreme Court that opined that the agreement in *Schaefer* was unenforceable because it was unconscionable and unfair towards the insured. Id. at 721, 590 N.E.2d 1242 (Wright, J., concurring in judgment only, joined by Moyer, C.J., and H. Brown, J.). The Wright plurality then stated that the other certified case did not involve an unconscionable agreement but the parties could still receive a trial de novo as per the terms of the arbitration agreement. Id. at 722, 590 N.E.2d 1242.

{¶ 33} The Wright plurality did not agree with the Douglas plurality's statements that nonbinding arbitration does not exist and that the term "binding arbitration" is a redundancy. Id. at 719, 590 N.E.2d 1242. Their decision opined that Douglas's narrow construction of the word "arbitration" contradicts the existing construction of the word. Id. at 720, 590 N.E.2d 1242. The Wright plurality declared:

{¶ 34} "Contrary to the assertions of the plurality, the degree to which parties agree to be bound by an arbitrator's decision flows not from the incantation of the word 'arbitration,' but rather from the parties' intent as expressed through an arbitration agreement. The public policy of this state does not preclude parties from agreeing to bring before an arbitrator or panel of arbitrators, prior to the initiation of litigation, a particular set of issues or disputes that may arise between them, or from agreeing further that each party will retain the right to disregard any decision reached through arbitration and seek relief in court in a trial de novo. To the contrary, as evidenced by the passage of R.C. Chapter 179, the promotion of nonbinding arbitration as one of a panoply of alternative dispute resolution techniques is presently favored public policy in our state." Id.

{¶ 35} They concluded that even if the arbitrator's decision in a nonbinding arbitration may not be enforceable under R.C. Chapter 2711, it still may be enforced as a matter of contract law. Id. at 720, 590 N.E.2d 1242. They then stated that an agreement to either binding or nonbinding arbitration gives the trial court authority under R.C. 2711.02 to stay any suit brought pending arbitration. Id. at 721, 590 N.E.2d 1242. Finally, Justice Holmes dissented without an opinion.

{¶ 36} Due to the plurality nature of the Douglas opinion in *Schaefer*, some courts have refused to apply the decision in similar cases. See, e.g., *Kolcan v. W. Res. Mut. Cas. Co.* (Sept. 15, 1994), 8th Dist Nos. 65582 and 65790, 1994 WL 505275. Other courts have followed Douglas's opinion in *Schaefer* despite its being a plurality opinion. See, e.g., *Aetna Cas. & Sur. Co. v. Curci* (Dec. 8, 1993), 9th Dist. No. 93CA5604, 1993 WL 525855. However, after a more recent Supreme Court case, even the court that previously refused to follow *Schaefer* now finds that it must follow that precedent. *Ghanem v. Am. Greetings Corp.*,

8th Dist. No. 82316, 2003-Ohio-5935, 2003 WL 22510663 (in a case dealing with the same contractual provision in an insurance contract as in *Schaefer* ).

{¶ 37} In this more recent Supreme Court case, the parties agreed to submit their court dispute to arbitration under the local rules of the trial court. *Miller v. Gunckle,* 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 4. The arbitrators awarded uninsured-motorist benefits to the insured plus prejudgment interest from the date of the accident. The insurer asked the arbitrators to reconsider on the grounds that prejudgment interest was improper. The arbitrators agreed to defer for the trial court the decision of the date on which prejudgment interest began to run. Id. at ¶ 5. The insured then argued to the court that the arbitrators had no authority to change their first award.

{¶ 38} The Supreme Court was eventually faced with three issues: whether the arbitrators were permitted to award prejudgment interest; whether the arbitration panel had authority to reconsider its first award and issue a second award; and whether the insurer is liable for prejudgment interest that causes the total award to exceed the insured's policy limit. Id. at ¶ 9. In setting forth the general law on arbitration, a majority of the Supreme Court (including Chief Justice Moyer, who was previously part of the Wright plurality in *Schaefer*) held:

{¶ 39} " 'For a dispute resolution procedure to be classified as "arbitration," the decision rendered must be final, binding and without any qualification or condition as to the finality of an award.' *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242. An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11. Id. 'The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.' *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456." *Miller,* 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, at ¶ 10.

{¶ 40} In determining that the arbitrators were permitted to award prejudgment interest, the *Miller* court mentioned that the arbitrator is the final judge of both law and fact. Id. at ¶ 18, citing *Goodyear,* 42 Ohio St.2d at 522, 71 O.O.2d 509, 330 N.E.2d 703. Because the arbitrators did not exceed the scope of their power under R.C. 2711.10(D), the Supreme Court stated that the trial court "lacked jurisdiction" to vacate any part of the award. Id. at ¶ 21. Then, the Supreme Court determined that the arbitrators had no authority to reconsider or change their own award, stating that R.C. Chapter 2711 confers jurisdiction on the trial court only to vacate, modify, or correct an arbitrator's award under the strict standards set forth in R.C. 2711.10 or 2711.11. Id. at ¶ 23.

{¶ 41} The Supreme Court was not faced with the issue of whether the arbitration agreement becomes unenforceable where it mentions a de novo trial

on issues of fact as in *Schaefer* or de novo review of questions of law as in this case. Still, the *Miller* court did set forth law suggesting that a majority of the court believes that a dispute resolution procedure does not encompass arbitration if it is not final and binding due to its allowance of some review different than that set forth in R.C. 2711.10 and 2711.11.

## ANALYSIS

{¶ 42} Here, appellant argues that the arbitration agreement is not final and binding, as it provides for a broader review than that established in R.C. 2711.10 and 2711.11. As previously set forth, the "Enforcement" section of the arbitration agreement, in paragraph 10B on page six, provides:

{¶ 43} "A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury."

{¶ 44} Appellees note that the agreement contains a severability clause in case any provision is found unenforceable. Appellees also urge that regardless of the above language, the agreement also provides that the award is final and binding various times: twice on page one and once on page two.

{¶ 45} Appellant counters, however, by pointing out that another passage in paragraph 9B on page five qualifies the finality by stating, "The arbitration shall be final and binding upon the parties, *except as provided in this Agreement.*" (Emphasis added.) Later, in paragraph 10A on page six, while detailing a reconsideration procedure, the agreement states that the arbitrator on reconsideration shall "either confirm or change the decision, which (*except as provided by this Agreement* ) shall then be final and conclusive upon the parties." (Emphasis added.)

{¶ 46} Appellees insist that appellant is misconstruing the clause in the agreement setting forth the standard of review. They urge that the clause was intended as a limit on the trial court. Although it might be more of a limit than a de novo review of factual issues as existed in *Schaefer,* it is absolutely no limit compared to the narrow standard of review required in R.C. 2711.10 and 2711.11 by way of R.C. 2711.13. Notwithstanding appellees' arguments and the trial court's holding to the contrary, the disputed clause in this arbitration agreement clearly attempts to give the parties much greater appellate rights than encompassed in R.C. 2711.10 and 2711.11.

{¶ 47} Specifically, the clause states that the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury. As appellant notes, the standard of review applied by an

appellate court reviewing a trial court's legal decision is de novo. See, e.g., *Lovewell v. Physicians Ins. Co. of Ohio* (1997), 79 Ohio St.3d 143, 144, 679 N.E.2d 1119 (construction of a contract is a legal decision). Moreover, the appellate court can review certain applications of law to fact under an abuse-of-discretion standard of review. See, e.g., *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331 (review of good-faith effort to settle when awarding prejudgment interest). Additionally, the appellate court can reverse a trial court's decision if it finds that certain factual determinations are against the manifest weight of the evidence. See, e.g., *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280–281, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 48} Although the agreement allows the trial court to apply these various standards on review to any award, none of these standards are permissible under R.C. Chapter 2711. As set forth above, the trial court has no jurisdiction to conduct such a review of an arbitration award.

{¶ 49} As appellees note, there is some final and binding language in the case before us. But, see, *Schaefer*, 63 Ohio St.3d at 715–716, 590 N.E.2d 1242 (in which the Douglas plurality found that any prior language referring to a final and binding decision was amended out of existence when the modified agreement provided for de novo review of all issues). Yet the final and binding language here is qualified (with "except as otherwise provided" language) twice out of the five times cited. That qualification, the altered standard of review, and the general law set forth by the Douglas plurality in *Schaefer* and adopted by a majority in *Miller* all compel a holding that any arbitration award issued under the arbitration agreement in this case would not be final and binding.

{¶ 50} Even so, there remains debate as to whether we must declare the entire arbitration agreement unenforceable or whether we could merely hold the standard of review clause to be unenforceable, making any arbitration decision subject only to the statutory review standards in R.C. 2711.10 and 2711.11. The Douglas plurality in *Schaefer* required the entire agreement to be invalidated based upon the altered standard-of-review clause because it described a procedure which was not intended to be actual arbitration.

{¶ 51} The agreement here purports to allow de novo review of legal issues and a generally greater standard of review than is permitted under the arbitration statutes. See R.C. 2711.10, 2711.11, or 2711.13. However, it is well established that " '[c]ourts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.' " *Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union*, 91 Ohio St.3d at 110,

742 N.E.2d 630, quoting *United Paperworkers Internatl. Union v. Misco, Inc.*, 484 U.S. at 37–38, 108 S.Ct. 364, 98 L.Ed.2d 286.

{¶ 52} The *Miller* court, which was a majority decision, specifically quoted the following passage from *Schaefer:*

{¶ 53} " 'For a dispute resolution procedure to be classified as "arbitration," the decision rendered must be final, binding and without any qualification or condition as to the finality of an award.' *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242. An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11. Id. 'The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.' *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456." *Miller,* 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, at ¶ 10.

{¶ 54} Thus, we rely on more than just the Douglas plurality from *Schaefer.* Applying the *Miller* holding, we conclude that the agreement herein is not classified as arbitration, because a decision to be rendered under it would not be "final, binding and without any qualification or condition as to the finality of the award." An award is not final and binding where it provides for review by a trial court greater than that expressly set forth in the arbitration statutes.

{¶ 55} When an agreement gives the trial court a standard of review equal to that of an appellate court's typical review power, but where the arbitration statutes do not permit such review, the agreement is not classified as arbitration. In other words, the qualifications on the finality of the award make the agreement unenforceable under R.C. Chapter 2711. Since it is no longer considered an arbitration agreement, the trial court cannot stay the proceedings pending arbitration.

{¶ 56} The offending clause is not severable, allowing enforcement of the remainder of the agreement, because that clause rendered the arbitration classification itself a nullity. The disputed clause goes to whether there is an arbitration agreement, not just whether certain clauses will pertain to arbitration.

{¶ 57} For the foregoing reasons, the trial court's stay pending arbitration is reversed and this case is remanded with instructions that the arbitration agreement is unenforceable and appellant can proceed with the lawsuit she filed in the trial court.

Judgment reversed
and cause remanded.

DONOFRIO and DEGENARO, JJ., concur.