DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Medallion Northeast Ohio, Inc., et al., appeal from the judgment of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} The dispute before us involves the enforceability of an arbitration provision contained in two agreements (the Local Partner Agreement and the Regional and Local Partner Working Agreement, collectively "the Agreements") which govern the business relationship between Appellants and Appellees, SCO Medallion Healthy Homes, Ltd., et al. In 2003, the parties entered into a business relationship wherein Appellants became a franchisee/affiliate of Appellees to further Appellees' business of inspecting and purifying the indoor environment of houses, apartments and offices. Appellants contend that Appellees failed to perform their obligations under the Agreements. Consequently, on November 1, 2005, Appellants filed a complaint against Appellees alleging claims of fraud, negligent misrepresentation, breach of contract and violation of R.C. 1334.01, the Ohio Business Opportunity Act.
 {¶ 3} In response, on January 4, 2006, Appellees filed a joint motion to dismiss or in the alternative, stay proceedings and compel arbitration. The motion was premised on the following provision contained in the parties' Local Partner Agreement:
 "Disputes and/or Court Actions. Any disputes which may arise between MNO [Medallion Northeast Ohio, Inc.], other Local Corporate Partners, the Regional Partner and/or Medallion shall be addressed either verbally, written or meeting [sic]. If the dispute cannot be resolved, then appropriate Medallion corporate resources may be brought in to assist with the resolution. All parties to the dispute agree to exhaust all means, including mediation or arbitration, prior to filing litigation. The losing party shall bear all costs of litigation."
Appellees argued that, pursuant to this provision, Appellants were required to "exhaust all means, including mediation or arbitration" before proceeding with litigation.
 {¶ 4} On March 1, 2006, Appellants filed a brief in opposition to Appellees' motion. Appellees filed a reply brief in support of their motion on March 10, 2006. On April 6, 2006, the trial court entered an order staying the proceedings "pending the exhaustion of the alternative dispute resolution methods contained in the agreement." On May 3, 2006, Appellants filed a notice of appeal from the trial court's order staying the case. Appellants have raised two assignments of error for our review. We have combined Appellants' assigned errors to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN STAYING THE CASE AND COMPELLING THE PARTIES TO ARBITRATE THEIR DISPUTE BASED UPON AN UNENVORCEABLE [SIC] ALTERNATIVE DISPUTE RESOLUTION PROVISION."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN CONCLUDING THAT AN ALTERNATIVE DISPUTE RESOLUTION PROVISION WHICH CALLS FOR MEDIATION AND/OR `NONBINDING' ARBITRATION IS ENFORCEABLE."
 {¶ 5} In their assignments of error, Appellants argue that the trial court erred by staying all proceedings and referring the action to arbitration because the alternative dispute resolution provision at issue is unenforceable. We agree.
 {¶ 6} When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Questions of law, however, are reviewed under a de novo standard of review. George FordConstr., Inc. v. Hissong, 9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6.
 {¶ 7} In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426 at *2, this Court noted that
 "[t]he law of Ohio favors arbitration as an alternative method of dispute resolution. Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement." (internal citations omitted). Id., citing Austin v. Squire (1997), 118 Ohio App.3d 35, 37.
Under R.C. 2711.01(A), a written agreement to arbitrate is valid, enforceable and irrevocable except on grounds existing at law or in equity for revocation of any contract. R.C. 2711.02 concerns the trial court's obligation to stay a proceeding pending arbitration and provides in part:
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B).
 {¶ 8} Appellants contend that the trial court erred in staying the case and referring it to arbitration because the arbitration clause is indeterminate and therefore enforceable. This argument surrounds the fact that the provision states that the parties can proceed to litigation after "exhaust[ing] all means, including mediation or arbitration," to resolve any dispute that may arise between them. Appellants contend that pursuant to Schaefer v. Allstate InsuranceCo. (1992), 63 Ohio St.3d 708, and Miller v. Gunckle, 96 Ohio St.3d 359,2002-Ohio-4932, in order for a proceeding to qualify as arbitration, it must be final and binding. Appellants claim that the Local Partner Agreement's alternative dispute resolution provision does not provide sufficient finality to be enforceable under Ohio law.
 {¶ 9} The Ohio Supreme Court's decision in Schaefer was announced through two plurality opinions. Appellants rely on the first plurality opinion, authored by Justice Douglas, with whom Justice Sweeney and Justice Resnick concurred in whole. Schaefer, 63 Ohio St.3d at 711-719. In this opinion, the justices held that "binding arbitration" is a redundancy and "nonbinding arbitration" is a contradiction in terms. The Douglas plurality found that the procedure set forth in the parties' agreement did not make any and all awards final and binding. Even though the parties agreed to the terms of this procedure, the justices found that the procedure did not constitute "arbitration" and the agreement was, therefore, unenforceable.
 {¶ 10} The second plurality opinion was authored by Justice Wright. Justices Moyer and Brown concurred in judgment only. Id. at 719-723. The Wright plurality disagreed with the Douglas plurality's interpretation of "arbitration." In contrast to the Douglas plurality, the Wright plurality focused on giving effect to the parties' intent in entering into the arbitration agreement. Further, the Wright plurality addressed public policy considerations regarding arbitration agreements, finding that Ohio's public policy
 "does not preclude parties from agreeing to bring before an arbitrator or panel of arbitrators, prior to the initiation of litigation, a particular set of issues or disputes that may arise between them, or from agreeing further that each party will retain the right to disregard any decision reached through arbitration and seek relief in court in a trial de novo." Id. at 720.
This plurality further pointed out that, R.C. Chapter 179 demonstrates that Ohio's public policy endorses nonbinding arbitration as one of the preferred alternative dispute resolution options. The Wright plurality found the agreement unenforceable but for different reasons than the Douglas plurality. Therefore, the Wright plurality concurred in judgment only. Id. at 722-723. Justice Holmes dissented without an opinion.
 {¶ 11} In Miller, at ¶ 10, the Ohio Supreme Court revisited the issue of arbitration. In setting forth the general law on arbitration, a majority of the Supreme Court including Chief Justice Moyer, who was previously part of the Wright plurality in Schaefer, quoted the following language from the Douglas plurality in Schaefer: "`For a dispute resolution procedure to be classified as `arbitration,' the decision rendered must be final, binding and without any qualification or condition as to the finality of an award.'" Id., quotingSchaefer, 63 Ohio St.3d at 711. Appellants contend that theMiller Court's reliance on the Douglas plurality's holding inSchaefer makes this language the controlling law on this issue. They claim, therefore, that in order for a dispute resolution provision to be deemed "arbitration" and enforceable, its award must be final and binding.
 {¶ 12} "Due to the plurality nature of the Douglas opinion inSchaefer, some courts have refused to apply the decision in similar cases." Ignazio v. Clear Channel Broadcasting, Inc., 165 Ohio App.3d 32,2005-Ohio-6783, at ¶ 36, citing Kolcan v. W. Res. Mut. Cas. Co. (Sept. 15, 1994), 8th Dist Nos. 65582 and 65790, see McGuffey v. LensCrafters,Inc., 12th Dist. No. CA2005-03-069, 2006-Ohio-206, at ¶ 27. This Court has cited the Douglas plurality with approval in dicta. See Aetna Cas. Sur. Co. v. Curci (Dec. 8, 1993), 9th Dist. No. 93CA005604, at *2. However, after Miller, even the Eight District Court of Appeals, who previously refused to follow Schaefer, determined that it must follow that precedent. Ghanem v. Am. Greetings Corp., 8th Dist. No. 82316,2003-Ohio-5935, at ¶ 18 (concerning the same contractual provision in an insurance contract as in Schaefer). The Seventh District Court of Appeals in Ignazio also found Miller binding. Ignazio, at ¶ 41. In applying Miller, the Seventh District found that "the arbitration agreement herein is not classified as arbitration, because a decision to be rendered under it would not be `final, binding and without any qualification or condition as to the finality of the award.'" Id. at ¶ 54, quoting Miller, at ¶ 10.
 {¶ 13} Here, the trial court granted Appellees' motion to stay the case and refer the matter to arbitration, finding that Schaefer was not binding because only three of the justices of the Ohio Supreme Court agreed to the proposition upon which Appellants rely. The trial court found that the Miller Court's adoption of the Douglas plurality's definition of arbitration "does not necessarily prohibit parties to a contract from entering into an agreement to engage in alternative dispute resolution" including "nonbinding arbitration" before pursuing litigation.
 {¶ 14} The trial court cited McGuffey, at ¶ 26-27, to support its determination that Schaefer is not binding. The McGuffy court examined the enforceability of nonbinding arbitration agreements. TheMcGuffy court declined to apply Schaefer, finding that it "provide[d] little, if any, support for appellants' claim that the arbitration agreement between LensCrafters and its employees like Rickie [was] unenforceable." Id. at ¶ 26. The court held that the arbitration agreement between LensCrafters and its employees was "enforceable under R.C. 2711.01, notwithstanding the plurality opinion inSchaefer." Id. at ¶ 27.
 {¶ 15} Like Appellees herein who failed to address Miller, theMcGuffy court ignored the Ohio Supreme Court's decision inMiller. Consequently, we find the Twelfth District Court of Appeals' decision in McGuffy unpersuasive.
 {¶ 16} We find that the Miller Court's adoption of language from the Douglas plurality in Schaefer renders that language the controlling law on this issue. "Because `the law stated in a Supreme Court opinion is contained within * * * its text,' the Miller court's reliance on this language makes it the law of this state." Ghanem, at ¶ 17, quoting S.Ct. R.Rep.Op. 1(B)(1). Consequently, Miller established that to be enforceable, an alternative dispute resolution provision "`must be final, binding and without any qualification or condition as to [its] finality[.]'" Miller, 96 Ohio St.3d at ¶ 10, quoting Schaefer,63 Ohio St.3d at 711.
 {¶ 17} The dispute resolution provision herein expressly implies a lack of finality as the parties are required to "exhaust all means, including mediation or arbitration, prior to filing litigation." (Emphasis added.) The provision fails to define how or when a party has "exhausted all means." Furthermore, the provision fails to address whether the alternative dispute resolution methods would be binding on the parties. We therefore find that this provision lacks the necessary finality to warrant enforcement under Ohio law. Accordingly, the trial court erred in staying the matter and referring the parties to arbitration. Appellants' assignments of error are sustained.
 III. {¶ 18} Appellants' assignments of error are sustained. The judgment of the Summit County Court of Common Pleas staying the matter pending the exhaustion of the alternative dispute resolution methods contained in the Local Partner Agreement is reversed and this case is remanded with instructions that the alternative dispute resolution provision contained in the Local Partner Agreement is unenforceable.
Judgment reversed,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
CARLA MOORE
FOR THE COURT
WHITMORE, P. J.
BOYLE, J.
CONCUR