OPINION
{¶ 1} Plaintiff-appellant, the city of Fairfield ("the City"), appeals a decision of the Butler County Court of Common Pleas confirming an arbitration award in favor of defendant-appellee, the American Federation of State, County and Municipal Employees, Ohio Council 8, AFL-CIO, Local 3646 ("the Union"). For the reasons outlined below, we reverse the *Page 2 
decision of the common pleas court.
 {¶ 2} In the spring of 2005, two employees left their positions with the City. One employee, who held the position of Clerk II, retired. The Clerk II duties were absorbed by the secretary of the Public Utilities Department. The other employee, who held the position of Receptionist Clerk I, transferred to a different position. The Clerk I duties were absorbed by two existing part-time employees.
 {¶ 3} At a labor management meeting held on September 9, 2005, the Union was informed that the City would not be filling the Clerk I and Clerk II positions. The Union voiced its opposition to this at the meeting. These two positions had previously been filled by bargaining unit members. By assigning the duties of these positions to non-bargaining unit employees, the Union maintained that the City violated the terms of the collective bargaining agreement ("CBA") between the City and the Union.
 {¶ 4} The Union filed a grievance with the City on October 4, 2005, which the City denied. Thereafter, the dispute was submitted to arbitration. Following a hearing, the arbitrator issued a decision sustaining the grievance and ordering the City to fill the two positions with bargaining unit employees.
 {¶ 5} The City filed a motion to vacate the arbitration award. The Union subsequently filed a motion to confirm the award. After conducting a hearing, the common pleas court released its decision on October 4, 2007 denying the City's motion and confirming the arbitration award. The City timely appeals the decision of the common pleas court, raising one assignment of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN AFFIRMING THE ARBITRATOR'S AWARD AND ORDERING THAT CLERK I AND CLERK II POSITIONS BE POSTED AND FILLED BY FAIRFIELD CONTRARY TO *Page 3 
THE PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT."
 {¶ 8} Of the numerous issues raised by the City under its sole assignment of error, we shall address the issue that succinctly disposes of the appeal. The City contends that the arbitrator did not have jurisdiction over the dispute because the grievance was untimely filed under the terms of the CBA.
 {¶ 9} Article XVIII, Section 4(B) of the CBA outlines the grievance procedure and provides a three-day time limit for the filing of grievances. The provision provides, in pertinent part:
 {¶ 10} "An employee having a grievance shall present it to the Department Head, in writing, on a union grievance form, signed by that employee and the unit steward, within three (3) of the employee's working days after the event or circumstances giving rise to the grievance has occurred."
 {¶ 11} The arbitrator assumed jurisdiction over the dispute on the basis that the City's decision not to fill the positions amounted to a "continuing violation" of the CBA. The arbitrator reasoned that each day the duties of the Clerk I and Clerk II positions were performed by non-bargaining unit employees represented another day that the conduct prompting the grievance occurred. Therefore, the arbitrator concluded that the City's violation of the CBA was continuing and the grievance was timely filed.
 {¶ 12} R.C. 2711.10(D) provides that a common pleas court shall vacate an arbitration award if the arbitrator exceeded his or her powers. A reviewing court must uphold the award so long as it "draws its essence" from the CBA and is not unlawful, arbitrary, or capricious. Findlay CitySchool Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, paragraph two of the syllabus, superseded by statute on other grounds as noted in Cincinnati v. Ohio Council 8, Am. Federation ofState, Cty., and Mun. Emp. (1991), 61 Ohio St.3d 658. "An arbitrator's award departs from the essence of a collective bargaining agreement when *Page 4 
the award conflicts with the express terms of the agreement, lacks rational support, or cannot be rationally derived from the terms of the agreement." City of Middletown v. Internatl. Ass'n. of Firefighters,Local #336 (Sept. 25, 2005), Butler App. No. CA2000-03-042, at 5.
 {¶ 13} The two employees left the Clerk I and Clerk II positions in April and May 2005, respectively. As stated, the Union learned of the City's decision not to fill the vacancies at the September 9, 2005 labor meeting. The Union sent a letter to the City Manager voicing its complaint on September 12, 2005. The City responded by a letter dated September 20, 2005, informing the Union that the positions would not be posted for filling. The Union subsequently filed a grievance with the City on October 4, 2005.
 {¶ 14} We shall not and need not pinpoint which of the above dates constitutes the event or circumstances giving rise to the grievance. SeeBd. of Trustees of Miami Twp. v. Fraternal Order of Police, Ohio LaborCouncil (May 15, 2000), Clermont App. Nos. CA99-03-028, CA99-04-031, at 7-8. It is well settled that an arbitrator's findings of fact are not subject to judicial review. See id. See, also, Goodyear v. Local UnionNo. 200 (1975), 42 Ohio St.2d 516, 520. However, the existence or absence of jurisdiction is a question of law which we review de novo.Ghanem v. American Greetings Corp., Cuyahoga App. No. 82316,2003-Ohio-5935, ¶ 11.
 {¶ 15} The arbitrator was not authorized to ignore or modify plain and unambiguous provisions of the CBA. City of Middletown v. InternationalAss'n. of Firefighters, Local #336 at 5. Rather, the arbitrator was restricted to the interpretation and application of the CBA. Id. The CBA's three-day time limitation upon the filing of grievances was plain and unambiguous. The arbitrator's "continuing violation" determination did not comport with, and in fact defeated, the plain and unambiguous three-day time limitation upon grievances. This amounted to an impermissible extension of the arbitrator's powers.
 {¶ 16} The arbitrator cannot vest jurisdiction in himself. Holding that the arbitrator's *Page 5 
assumption of jurisdiction is not subject to judicial review would permit the arbitrator unfettered discretion in assuming jurisdiction over a matter, even where none exists. Where an arbitrator's assumption of jurisdiction is unlawful, it is not an unassailable finding of fact or legal interpretation immune from the purview of a reviewing court. Cf. Findlay, 49 Ohio St .3d at paragraph two of the syllabus. Were it so, the arbitrator's determination of jurisdiction would be infallible even where contrary to the bargain contemplated by the terms of the CBA.
 {¶ 17} We conclude that the arbitrator's assumption of jurisdiction over the grievance was unlawful. Id. The award departed from the essence of the CBA in that it conflicted with an express, unambiguous term of the agreement. Id. The arbitrator thus exceeded his powers as contemplated by R.C. 2711.10(D) when he exercised jurisdiction over the grievance.
 {¶ 18} The City's first assignment of error is sustained. The judgment of the common pleas court is reversed and the arbitration award is set aside as unlawful and void.
 {¶ 19} Judgment is hereby entered in favor of appellant, city of Fairfield, Ohio.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1